```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

**STEPHEN MICHAEL GAULTNEY,**

    **Petitioner,**

v.                                    CIVIL ACTION NO. 1:09-cv-01221

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

    Pending before the court is Stephen Gaultney's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  By Standing Order, the action was referred to United States Magistrate R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted his Findings and Recommendation ("PF&R") to the court on July 19, 2011, in which he recommended that this court grant respondent's motion to dismiss the petition under 28 U.S.C. § 2254 to the extent that it requests the "Court to direct Petitioner to make a more definite statement of his claims," deny the motion to dismiss in all other respects, and refer the matter back to him for further proceedings.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's

Findings and Recommendations. By Order dated July 28, 2011, the court granted petitioner's motion for additional time to file objections, setting a new deadline of August 15, 2011. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). On August 11, 2011, petitioner filed objections and, with respect to those objections, the court has conducted a de novo review.

The petition alleges eighteen grounds for habeas relief. In his motion to dismiss, respondent argued that petitioner had failed to properly present any of the claims raised in his petition before the State's highest court in a manner that would satisfy the exhaustion requirements. In the alternative, respondent requested that petitioner be required to file a more definite statement linking his factual allegations to specific constitutional provisions.

Rather than file a memorandum in opposition to the motion to dismiss that directly addressed the alleged deficiencies in the petition, petitioner filed an "Appendix of a More Definite Statement of the Issues Raised in the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254." (Doc. # 33). The "Appendix" was little more than a compilation of the State court pleadings. Significantly, it did not direct the court to those

portions of the State court record corresponding to the grounds in the federal habeas petition.

Magistrate Judge VanDervort recommended that the court order Petitioner to file

> a more definite statement as to each ground of error setting forth the following: (1) a statement explaining how the ground of error was presented at each State level of review thus demonstrating that State remedies were fully pursued and exhausted; (2) the applicable federal law or constitutional violation; (2) summary of facts supporting the ground of error; (3) citations to cases supporting each ground of error; and (4) statement relating how the State Court's habeas decision resulted in a decision that (a) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (b) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Proposed Findings and Recommendation at 20-21.

Petitioner objects to the magistrate judge's recommendation that he be required to file a more definite statement. According to him, any defects in his petition are attributable to his use of the federal form petition appended to the Rules Governing Section § 2254 Cases. See Objections at 2. Petitioner contends that "the talents of federal judges include the ability to recognize constitutional claims when the claims are presented in a form that describes a set of facts or circumstances in words expressed in constitutional language,

which is sufficient to inform the court of a constitutional violation." Id. To follow Magistrate Judge VanDervort's recommendation would, according to petitioner, "set an impermissible elevation of the criteria a federal habeas corpus petitioner must meet. . . ." Id. at 6.

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A motion for a more definite statement is ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." Gleichauf v. Ginsberg, 859 F. Supp. 229, 233 (S.D.W. Va. 1994). Whether a motion for a more definite statement should be granted is "generally left to the district court's discretion." Hodgson v. Virginia Baptist Hosp., 482 F.2d 821, 824 (4th Cir. 1973).

Having reviewed the petition, the court finds that it is not "so vague or ambiguous that the party cannot reasonably prepare a response." Accordingly, the court will SUSTAIN his objection to filing a more definite statement and petitioner will not be required to do so.

However, the court does find wholly inadequate petitioner's response to the motion to dismiss. In reviewing the entire record, the court agrees with both Magistrate Judge

4

VanDervort and respondent that, as to some of the grounds advanced, petitioner has not linked his factual allegations to specific federal constitutional errors in either his petition or in responding to the motion to dismiss.  Petitioner's failure to do so makes the court's determination of whether his claims have been fully exhausted, in large part, an exercise in speculation.[*]

---

[*] The exhaustion requirement is strictly enforced in keeping with the important tenets of federalism and pragmatism which the requirement represents.  See Castille v. Peoples, 489 U.S. 346, 349 (1989); Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994).

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose v. Lundy, 455 U.S. 509, 518 (1982) (quoting Darr v. Burford, 339 U.S. 200, 204 (1950)).

The exhaustion requirement can be satisfied by seeking review of the habeas corpus claim in the highest state court with jurisdiction to consider the claim, either on direct appeal or in post-conviction proceedings.  See Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994).  The claims raised in federal habeas proceedings must be the same claims raised in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-78 (1971).  Fair presentation of the same claim "contemplates that both the operative facts and the controlling legal principles must be presented to the state court."  Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal citations and quotations omitted).  "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition."  Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010).

5

Because petitioner is the one who bears the burden of proving exhaustion, Matthew v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), the failure to demonstrate exhaustion is fatal to his claims. Furthermore, any doubts as to whether an issue has been presented to the state courts should be resolved against exhaustion. Durkin v. Davis, 538 F.2d 1037, 1041-42 (4th Cir. 1976).

"[A] federal court has no duty to second guess the intentions of habeas corpus petitioners. One who alleges a denial of constitutional rights has a duty to clearly present his arguments to the court with such facts as are necessary to insure the court's understanding." Allen v. Reardon, 457 F. Supp. 966. 968 (D. Mass. 1978) (citing Nail v. Slayton, 353 F. Supp. 1013 (W.D. Va. 1972)). Moreover, because petitioner is represented by counsel, his pleadings are not entitled to liberal construction. Trigo v. TDCJ-CID Officials, No. H-05-2012, 2011 WL 335090, at *5 (S.D. Tex. Jan. 31, 2011); see also Beasley v. McCotter, 798 F.2d 116, 118 (5th Cir. 1986) (noting that attorney-prepared briefs are not given the benefit of liberal construction). Based on the foregoing, petitioner would be well-served to resolve any

---

Because a federal court may only rule on federal constitutional issues in a habeas petition, it is the federal constitutional issue that must be presented to the state's highest court. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Matthews v. Evatt, 105 F.3d 901, 910-11 (4th Cir. 1998). As to a number of his claims, petitioner does not explain the federal issue implicated, much less how that particular federal issue was presented to West Virginia's highest court.

ambiguities as to his federal claims and demonstrate just how they were exhausted.

Accordingly, the court **SUSTAINS** petitioner's objections to the extent he asks the court to overrule Magistrate Judge VanDervort's recommendation that he be <u>required</u> to file a more definite statement.  However, no later than October 24, 2011, petitioner may, if he chooses, supplement his petition to address the noted deficiencies.  Respondent's motion to dismiss is **DENIED** without prejudice.  Respondent may file another motion to dismiss and/or for summary judgment once petitioner's deadline for supplementation has expired.  Finally, this matter is **REFERRED** back to Magistrate Judge VanDervort for further proceedings consistent with this opinion.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

IT IS SO ORDERED this 27th day of September, 2011.

                              ENTER:

                              David A. Faber
                              Senior United States District Judge