```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**STEPHEN MICHAEL GAULTNEY,**

      Petitioner,

v.                                  CIVIL ACTION NO. 1:09-cv-01221

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

      Respondent.

<u>MEMORANDUM OPINION AND ORDER</u>

      Pending before the court was Stephen Gaultney's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  By Standing Order, the action was referred to United States Magistrate R. Clarke VanDervort for submission of findings of fact and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge VanDervort submitted his Findings and Recommendation ("PF&R") to the court on August 8, 2012, in which he recommended that the court grant respondent's motion for summary judgment, dismiss the petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and remove this matter from the court's active docket.

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days plus three mailing days in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendations.  The failure of any party to file

such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Plaintiff's objections were received by the district court on August 28, 2012. Defendant contends that plaintiff's objections were not timely filed. Given operation of the "mailbox rule" of Houston v. Lack, 487 U.S. 266 (1988), wherein a document is deemed filed by a prisoner when it is delivered to prison officials for mailing, the court finds that plaintiff's objections are timely. Accordingly, plaintiff's motion to strike defendant's reply (Doc. No. 75) is **DENIED** as moot. With respect to plaintiff's objections, the court conducted a de novo review and, on September 28, 2012, granted respondent's motion for summary judgment and dismissed the petition under 28 U.S.C. § 2254. The reasons for that decision follow.

Gaultney first objects that Magistrate Judge VanDervort failed to rule on all the issues that were raised in his petition. Specifically, plaintiff contends that the PF&R failed to address the following claims:

1. That Gaultney was convicted in violation of his right against self-incrimination when he was compelled to participate in three separate psychiatric and psychological examinations.

2. Erroneous instruction on transferred intent.

3. State's use of defendant's statements to police, solicited while in State custody and where

      defendant could not knowingly and intelligently waive his right to counsel, was improper.

  4.  The trial court erred when it refused Gaultney's self defense instructions.

  5.  The trial court erred in denying a motion for a new trial since the State proved neither malice nor premeditation.

Objections at 3-6.

In his PF&R, Magistrate Judge VanDervort listed the eighteen grounds for relief asserted by Gaultney in his petition:

  1.  Voluntariness of statement given to arresting detective due to drug intoxication and totality of circumstances.

  2.  The Grand Jury proceeding was tainted by misconduct, thus invalidating the indictment coupled with denial of counsel.

  3.  Mental incompetence at the time of crime and denial of counsel.

  4.  Knock and annouce/self-defense instruction.

  5.  Transferred intent instruction, assurance by police there were no police; abuse of discretion, and the State failed to carry its burden on malice and premeditation.

  6.  A courtroom environment which may have intimidated defense counsel and the Petitioner.

  7.  The stickers on the front door of Petitioner's residence - Constitutional errors in evidentiary rulings - Instructions to jury.

  8.  Trial judge's instruction on malice.

  9.  Lack of nexus or concurrence leading to a structural error or a variance between the evidence and the law an abuse of discretion.

    10.     The shell casings, the ballistics report and denial of counsel.

    11.     Diminished capacity defense, violation of Fourth, Fifth, and Sixth Amendments, coerced confessions, a prejudicial trial environment, and denial of counsel.

    12.     End of the diminished capacity defense; trial went to closing arguments and to the jury without a defense for the Petitioner.

    13.     The defense counsel abandoned their adversarial role (denial of counsel) and this abandonment gave rise to an unjust result.

    14.     Double Jeopardy and severer sentence than expected.

    15.     An appeals counsel who did not want to do an appeal.

    16.     Denial of counsel at habeas corpus status hearing.

    17.     Trial court lack jurisdiction.

    18.     Reversible cumulative error.

PF&R at 7-11. As Magistrate Judge VanDervort further noted, on December 13, 2011, plaintiff, by counsel, filed his "Amendment and Supplementation of § 2254 Petition (Withdrawal of Grounds and Demonstration of Exhaustion of Issues)." (Doc. No. 50). In that document, plaintiff withdrew eight of his original grounds for relief – Grounds 3, 6, 10, 12, 14, 15, 16, and 17.

    As a preliminary matter, Rule 2(c) of the Rules Governing Section 2254 Proceedings requires a habeas petition to "specify all the grounds for relief available to the petitioner." Numerous courts have held that a ground for relief not asserted

in either an original or amended petition need not be considered by the court. See, e.g., Mathis v. Smith, No. 1:10CV0046, 2011 WL 680148, *5 (N.D. Ohio Jan. 7, 2011) ("As an argument raised for the first time in a reply brief is not properly before the Court, [ground for relief] need not be addressed."); United States v. Noble, Action No. 3:07-CR-431, 2010 WL 3529274, *7 (E.D. Va. Sept. 7, 2010) ("These allegations were not raised in either of [movant's] earlier filings and cannot be considered for the first time now. . . ."); Martens v. Secretary, Dep't of Corr., No. 8:08-CV-248-T-30MAP, 2009 WL 2948518, *1 (M.D. Fla. Sept. 14, 2009) ("[T]he Court will not consider any new claims raised in the reply that Petitioner did not raise in the petition . . . ."); Green v. Padula, C/A No. 6:08-1278-MBS-WMC, 2009 WL 692923, *12 (D.S.C. Mar. 12, 2009) ("[T]o the extent the petitioner raises new grounds for relief in his response to the motion for summary judgment that were not raised in his petition filings, these new arguments are improper amendments to his petition and will not be addressed by this court.); Mattress v. Cartledge, C.A. No. 0:08-503-HMH-PJG, 2009 WL 438057, *15 (D.S.C. Feb. 20, 2009) (where claim was not presented in federal habeas corpus petition and petitioner had not moved to amend petition to include claim, habeas relief was unwarranted).  Therefore, to the extent that Gaultney has not included an alleged ground for relief in his petition, the court need not consider that ground.

In the instant case, the court need not determine whether Gaultney raised the issues in his Petition because, notwithstanding Gaultney's claim to the contrary, it is clear that Magistrate Judge VanDervort considered them in his PF&R. As to "Error 1" as noted in plaintiff's objections at p. 3, the self-incrimination issue, that ground for relief is discussed in the PF&R at pp. 63-68. "Error 2", the transferred intent instruction is discussed at pp. 54-57 of the PF&R. The alleged impermissible use of Gaultney's statement to the police, "Error 3", is considered at pp. 41-46 of the PF&R. Magistrate Judge VanDervort's discussion of the trial court's refusal of a self-defense instruction, "Error 4", is found at pp. 49-54 of the PF&R. And, finally, the jury instructions on malice, "Error 5", are addressed discussed at pp. 57-60 of the PF&R.

Based on the foregoing, Gaultney's first objection is **OVERRULED**.

Plaintiff's second objection concerns the voluntariness of his statement to the police. According to Gaultney, the "Magistrate and the [S]tate Habeas Court, require the Petitioner herein, to set forth proof that his statements were not admissible or were not the product of a valid waiver. Both courts have turned the admissibility requirement inside out and upside down." Objections at. 6.

Gaultney's objection is without merit. The habeas corpus statute provides that

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). A review of the PF&R demonstrates that Magistrate Judge VanDervort properly applied the presumption of correctness in this case. Furthermore, the court finds no error in his discussion of the voluntariness of defendant's statement found at pages 41-46 of the PF&R. For these reasons, plaintiff's objection is **OVERRULED**.

Gaultney next objects to the magistrate judge's "reliance upon [trial] testimony from Dr. Thistlewaite, who performed a forensic psychological evaluation of the Petitioner." Objections at 7. For the reasons expressed in the PF&R, see pages 63-68, the court agrees that Dr. Thistlewaite's testimony was admissible. First, Gaultney had placed his mental competency at issue by pursuing an insanity defense. Furthermore, counsel requested a competency evaluation. Finally, Dr. Thistlewaite testified that he reviewed the informed consent with Gaultney, told him that the results of the evaluation were not confidential, and encouraged him to consult an attorney if he

7

wanted to do that beforehand. Accordingly, the objection is **OVERRULED**.

Gaultney's fourth objection is "to the Magistrate's reliance on a theory that the Petitioner thought he was under attack by the police." Objections at 7. According to Gaultney, Magistrate Judge VanDervort should not have relied upon the suppositions made by the psychiatrists and psychologists in his case. In essence, plaintiff is asking this court to reweigh the evidence presented at trial and credit his version of the facts. This is improper.

> "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003) (citing Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983)). A habeas court must defer to the fact finder for its assessment of the credibility of witnesses. Id. at 788. "[A] reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" McDaniel v. Brown, 558 U.S. 120, ----, 130 S. Ct. 665, 673, 175 L.Ed.2d 582 (2010) (citations omitted). Accordingly, "[t]he mere existence of sufficient evidence to convict ... defeats a petitioner's claim." Id. at 788-89. The Court does not need to be convinced that the petitioner is actually guilty beyond a reasonable doubt. Walker v. Russell, 57 F.3d 472, 475 (6th Cir. 1995).

Redmond v. Worthington, Case No. 07-15152, 2012 WL 2917345, *5 (E.D. Mich. July 17, 2012).

Based on the foregoing, plaintiff's objection is **OVERRULED**.

Gaultney's final objection is to Magistrate Judge VanDervort's conclusion that Gaultney's trial counsel was not ineffective for failing to challenge the admissibility of the statements made to police and psychiatrists in his case. For the reasons discussed above, as well as the reasons detailed in the PF&R, trial counsel was not ineffective under the standards set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Accordingly, Gaultney's objection is **OVERRULED**.

Based on the foregoing, the court overrules plaintiff's objections and adopts the Findings and Recommendations of Magistrate Judge VanDervort. The court, therefore, **GRANTED** respondent's motion for summary judgment, **DISMISSED** plaintiff's petition under 28 U.S.C. § 2254, and **DIRECTED** the Clerk to remove the matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the

constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability. Gaultney's motion for a certificate of appealability, Doc. No. 79, is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record. The Clerk is further directed to forward this Memorandum Opinion and Order to the United States Court of Appeals for the Fourth Circuit.

IT IS SO ORDERED this 5th day of December, 2012.

ENTER:

David A. Faber
Senior United States District Judge